(31 Misc. Rep. 248.)

### LINDEN v. GOODMAN.

(Supreme Court, Appellate Term. April 16, 1900.)

CHECK—ACTION BY ASSIGNEE—PAYMENT TO PAYEE—EVIDENCE.

　　Where defendant in a suit by the assignee of a check testified that subsequent to the alleged transfer he saw the check in the payee's possession, it was proper to show payment to the payee while he was the holder thereof.

Appeal from municipal court, borough of Manhattan, Second district.

· Action by Harris Linden against Harry Goodman. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Charles L. Cohn, for appellant.

Isaac Marks, for respondent.

GIEGERICH, J. The action is upon a check drawn by the defendant upon the German Exchange Bank for the sum of $197.03, payable to the order of one S. Brinn, and bearing date the 11th day of April, 1898. The complaint, among other things, alleges that the above-named payee indorsed the check to one S. Levy; that in the latter part of April, 1898, Levy indorsed it to one Mary Brinn, who, it is averred, assigned such check to the plaintiff before the commencement of this action. The defense, among others, was that the check in suit was paid to the payee while he was the holder thereof, and before the alleged assignment or transfer of the same to the plaintiff. The defendant testified that on or about June 25, 1898, he saw the check in question in the possession of the payee. He then sought to bring out evidence to the effect that he paid the amount of such check, together with other sums, to him while it was in his possession; but this was excluded upon the plaintiff's objection to its materiality, competency, and relevancy, and upon the further grounds that it was not binding upon the plaintiff, and called for a conclusion of law, and the defendant excepted. Having shown that the check in controversy was in the payee's possession at a period subsequent to the alleged transfer to other parties, it was manifestly proper and relevant for the defendant to show payment of the check to him while he was the holder thereof. Hence the exclusion of the evidence referred to was reversible error. It results from these views that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.